GONZÁLEZ, APPELLANT, *v.* REGISTRAR OF CAGUAS,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Deed of Partition.

No. 489.—Decided July 20, 1921.

RECORD OF TITLE — PARTITION — COLLATION — COMMON PROPERTY — MORTGAGE—
HEIRS.—The registrar refused to record a deed of partition because it col-
lated a certain mortgage credit which appeared from the registry to have
been acquired by the widow and children after the death of the husband and
father. *Held:* That the widow, the heirs who were of age and the minors
represented by their guardian *ad litem* designated by the testator and ap-
pointed by the court having agreed that the mortgage represented an invest-
ment of common funds and the court having approved the partition, the
agreement to collate was valid and the allotment of the mortgage was re-
cordable.

ID.—INHERITANCE TAX—EXEMPTION.—The death of the testator having occurred
in 1911 when his widow and children were exempt from payment of the
inheritance tax, presentation to the registrar of a certificate showing such
exemption was unnecessary.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The registrar of property refused to record an instru-
ment of partition, in so far as a certain allotment made
therein is concerned, for reasons stated as follows:

"Record of the foregoing instrument is refused after an examina-
tion of others and as regards the credit of $2,500 allotted to Asun-
ción González, widow of Dueño, the only one of which record is sought,
for the following defects: First: Because although in the present
instrument it is recited that the credit sought to be recorded was
acquired with money belonging to the community, it appears from
the registry that it was recorded in the name of Asunción González
y Rosado, already a widow, and in the names of her children Ana
María, Rafael Agustín, María Práxedes, Asunción Magdalena, Angel
Manuel and José Agustín Dueño y González, the undersigned being,
therefore, of the opinion that the credit referred to is not susceptible
of collation in the estate left at the death of the predecessor in in-
terest, Manuel Dueño Figueroa. Second: That the will No. 77 made

by Agustín Dueño Figueroa before notary Carlos M. Rola in Río Grande on April 14, 1910, exhibited herewith, is void *per se*, inasmuch as it is not inferred from its context that the witnesses saw and understood the testator as required by section 703 of the Revised Civil Code. Third: That no showing has been made that the inheritance tax was paid as required by section 369 of the Political Code.''

In the deed of partition it was agreed by all parties concerned that the mortgage in question, although taken and of record in the name of the widow and the children, in fact represented an investment of common funds. In so far as the widow is concerned, this was an admission against her interest and one which she was competent to make. The minor children were represented by a guardian *ad litem* named by the court who likewise had been designated by the testator in the will to represent the children in and out of court in the event of conflicting interests. The court also approved the partition as made, which seems to be altogether fair and reasonable. In the circumstances we are somewhat at a loss to understand upon what theory the registrar, who has filed no brief, arrived at the conclusion that the mortgage was not susceptible of collation. A somewhat similar question was considered and decided adversely to a like contention in *Irizarry* v. *Registrar*, 22 P. R. R. 88.

The will, on its face, purports to have been made and executed in the presence of the witnesses (*"así lo dice y otorga a presencia de los testigos"*) and in the absence of anything to show that they were blind and deaf or else incapable of understanding, it is fair to assume that they ''saw and understood'' the testator. In any event, the birth of other children after the execution of the will resulted, after the death of the testator, in a proceeding for a decree of heirship and the document last mentioned was before the registrar. The will contained no legacies nor betterments, but left the property to be distributed share and share alike,

as would be the case under the decree without a will, and, in the circumstances, any formal or technical defect in the will, if not cured by the decree, is a matter of little or no practical importance. See the decision of the General Directorate of May 26, 1899, Odriozola, page 1082.

The testator died in 1911 when the widow and children were exempt from payment of the inheritance tax. The presentation of a certificate showing such exemption was not required. *Rovira* v. *Registrar,* 21 P. R. R. 394.

The ruling appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.